UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17cv003-FDW

| STEVE A. GUFFEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| FRANK L. PERRY,[1] | ) | |
| Respondents. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Steve A. Guffey's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 4). Also before the Court is Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 5), which, after reviewing the Application, Petitioner's affidavit, and the certified prison trust account statement (Doc. No. 9), the Court shall grant.

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who pled guilty in Haywood County Superior Court to two counts of statutory rape.[2] He was sentenced to 59 years in prison. Judgment was entered on September 19, 2005.

Petitioner did not file a direct appeal or a motion for post-conviction review in the trial

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Frank L. Perry, Secretary of the Department of Public Safety, is substituted for "North Carolina Department of Public Safety" as Respondent in this action.

[2] Unless otherwise indicated, the factual and procedural background are taken from the Petition for Writ of Habeas Corpus (Doc. No. 4).

1

court. On December 5, 2016, he filed a Petition for Writ of Habeas Corpus, in the form of a letter, in the United States District Court for the Eastern District of North Carolina. (Doc. No. 1.) After requiring Petitioner to resubmit his habeas petition on the correct form, which he did on December 11, 2016 (Doc. No. 4), the Eastern District transferred the action to this Court, where venue is proper. (Doc. No. 6.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The Court will dismiss the habeas Petition for the reasons that follow.

## III. DISCUSSION

### A. Rule 2(c)

Rule 2(c) of the Rules Governing Section 2254 Cases requires a Petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. Petitioner makes the following allegations: 1) the trial court imposed too much time for both offenses; 2) the amount of time imposed was not what Petitioner had agreed to; 3) Petitioner did not understand what was said in the courtroom; 4) Petitioner's attorney did not defend Petitioner effectively because of the nature of the charges; and 5) Petitioner was pushed into taking the plea. He has failed to state any facts to support these allegations. It is, therefore, impossible, for the Court to determine whether Petitioner is entitled

to any relief.

**B. Exhaustion**

Under the Antiterrorism and Effective Death Penalty Act of 1986 ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[3] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Furthermore, the prisoner must present the claim to all appropriate state courts, including the highest appellate court established to review such a claim. See id.

Because he pled guilty, Petitioner may not have had a right to directly appeal his convictions or sentences, see N.C. Gen. Stat. §7A-27(b), but, according to his Petition, he has not sought post-conviction relief by filing a motion for appropriate relief in Haywood County Superior Court, see N.C. Gen Stat. § 15A–1411 et seq. Consequently, he has failed to present any of the allegations raised herein to the state courts. To the extent those allegations can even be considered "claims," they are unexhausted and shall be dismissed as such.

**C. Statute of Limitations**

AEDPA provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

---

[3] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgement in Petitioner's case was entered on September 19, 2005, when he was sentenced. To the extent Petitioner retained a right to a direct appeal subsequent to his guilty plea, he had 14 days to file the notice of appeal in the North Carolina Court of Appeals, see N.C. R. App. P. 4(a)(2), which he did not do. Therefore, his conviction became final on or about October 3, 2005, when the time for seeking review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it finally expired on or about October 3, 2006, more than ten years before Petitioner filed his § 2254 habeas Petition. Therefore, absent equitable tolling or applicability of one of § 2244(d)(1)'s other subsections, the habeas Petition is untimely under § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own

conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner states that he tried to file a "motion" in the Haywood County courts, but it was sent back to him without being processed. He does not specify the type of motion he attempted to file, or when he attempted to file it, but merely states that he does not know why it was returned to him. Suffice it to say, Petitioner's single effort to pursue a remedy in the state courts does not rise to the level of diligence required to warrant equitable tolling.

Nevertheless, the Court may dismiss a petition as untimely under Rule 4, only if it is clear that the petition is untimely, the petitioner had notice of the statute of limitations, and the petitioner addressed the issue. See Hill, 277 F.3d at 706–707. Here, the only possibility that the Petition could be timely is under § 2244(d)(1)(B). Although he had notice of the statute of limitations,[4] Petitioner failed to address the issue. Therefore, the Court will not dismiss the Petition on timeliness grounds.

## IV. CONCLUSION

The instant habeas Petition fails to state any grounds for relief as required by Rule 2(c) of the Rules Governing Section 2254 Cases. Furthermore, Petitioner has not sought relief in the state courts, as he is required to before seeking habeas relief in the federal courts. See § 2254(b)(1)(A). Despite its apparent untimeliness, the Court will dismiss the habeas Petition without prejudice, so that Petitioner may cure the defects listed herein and seek future habeas

---

[4] Question 18, titled "TIMELINESS OF PETITION," of his corrected habeas Petition directed Petitioner to explain why the one year statute of limitations as contained in 28 U.S.C. § 2244(d) did not bar his Petition. (Pet. 13-14, Doc. No. 4.) The form also provided the exact language of § 2244(d) for guidance. (Pet. 14-15.)

relief, if he wishes. Petitioner is forewarned, however, that the federal statute of limitations ultimately may bar any future efforts to obtain habeas relief in the federal courts.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 4) is **DISMISSED** without prejudice;

2) Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 5) is **GRANTED**;

3) The Clerk of Court shall substitute Frank L. Perry for "North Carolina Department of Public Safety" as Respondent in this action; and

4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 17, 2017

Frank D. Whitney
Chief United States District Judge